IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CURRY III, Individually and as Nominated Administrator of the Estate of DAVID C. CURRY, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| vs. | ) ) | Judge |
| Chicago Police Officers TYLER MURPHY, Star# 17179 and F. NUNEZ, Star# 8377 and the City of Chicago, | ) ) ) ) ) | Magistrate |
| | | JURY DEMAND |
| Defendants. | | |

## COMPLAINT

**NOW COMES** the Plaintiff, DAVID CURRY III, individually and as Nominated Administrator of the Estate of DAVID C. CURRY, deceased, through counsel Jon Erickson and Sam Adam, Jr, complaining against the Defendants Chicago Police Officers TYLER MURPHY, Star# 17179 and F. NUNEZ, Star# 837 and the CITY OF CHICAGO, as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988; 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

### VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). All of the parties reside in this judicial district and the events described herein all occurred within this district.

### THE PARTIES

4. David C. Curry, deceased, was a twenty-one-year-old resident of Chicago in the Northern District of Illinois. David C. Curry was the son of David Curry III, who is the nominated Administrator of his estate.[1] (See Exhibit A).

5. Defendants Tyler Murphy, Star# 17179 and F. Nunez, Star# 877, were at all relevant times, duly appointed Chicago Police Officers acting within their scope of employment and under color of law. They are sued in their individual capacity.

6. The Defendant City of Chicago is a municipal corporation duly incorporated in the State of Illinois and is, and was at all relevant times, the employer of Defendant Officers Murphy and Nunez.

## FACTS

7. On June 23, 2024, at approximately 5:17 p.m., Defendant Officers Murphy and Nunez responded a domestic related call at 8212 S. Hermitage, Chicago, Illinois.

8. After a brief conversation with the complaining witness, Defendant Officers traveled westbound from 8212 S. Hermitage. They there and then saw the decedent, David C. Curry, running Northbound in the west alley of S. Hermitage.

9. Defendant Officers Murphy and Nunez then pursued David C. Curry in their squad car down the alley. Defendant Nunez was the driver and Defendant Murphy was the passenger.

10. Defendant Murphy exited the squad and engaged in a foot-pursuit, while Defendant Nunez continued to pursue in the squad.

11. David C. Curry terminated his attempt to flee, slowed down and came to a stop in the alley. He turned towards the perusing Defendant Murphy and raised his open, empty hands in a signal of surrender.

12. Thereafter, Defendant Murphy pushed David C. Curry to the ground, causing him to strike the back of his head on the pavement.

---

[1] The file-stamped Petition of Letters of Administration, 2024P005762, is scheduled before Cook County Judge James Murphy on September 19, 2024.

13. David C. Curry immediately began to bleed from his right ear and was clearly incapacitated.

14. Defendant Officers Murphy and Nunez then used force to handcuff David C. Curry while David C. Curry was incapacitated. Defendant Officers Murphy and Nunez did not have legal justification for using force and handcuffing David C. Curry.

15. As a result of Defendant Murphy's conduct David C. Curry suffered severe injury to his brain and remained hospitalized until August 1, 2024.

16. While hospitalized, David C. Curry remained in the custody of the Cook County Sheriff's Office who severely limited David's parents from visiting their child.

17. While hospitalized, David C. Curry was intubated and on life support.

18. On August 1, 2024, David C. Curry succumbed to his injuries and died.

## COUNT I – EXCESSIVE FORCE 42 U.S.C. §1983

19. Plaintiff hereby incorporates all previous paragraphs as fully set forth herein.

20. The actions of Defendants Murphy and Nunez as set forth hereto constitute excessive force against the Decedent, thus violating his rights under the United States Constitution and 42 U.S.C. Section 1983.

21. Said actions of Defendant Officers Murphy and Nunez were intentional, willful and wanton and/or committed with reckless indifference and disregard for David C. Curry's rights.

22. Said actions of Defendant Officers Murphy and Nunez were objectively unreasonable under the circumstances.

23. As a direct and proximate consequence of Defendants Murphy and Nunez's conduct, the Decedent suffered damages, including without limitation violations of his constitutional rights and emotional and physical pain and death.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Officers Murphy and Nunez for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT II – WRONGFUL DEATH (DEFENDANT MURPHY)

24. Plaintiff hereby incorporates all previous paragraphs as fully set forth herein.

25. The actions of Defendant Murphy as set forth hereto caused the wrongful death of the Decedent, in violation of ILCS 740 180/1 et seq.

26. Defendant Murphy's actions proximately caused the Decedent to suffer injuries, including without limitation great bodily harm and death as well as pain and suffering.

27. As a result of Defendant Murphy's conduct, the Estate has suffered injury, including without limitation incurring medical and/or funeral expense and the loss of society and companionship.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Murphy for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT III – SURVIVAL ACTION

28. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

29. After the Decedent was shoved to the pavement, he survived for a period of time during which he experienced conscious pain and suffering.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Diaz for an award of reasonable compensatory and punitive damages, plus costs.

## COUNT IV – FAMILY EXPENSE ACT

30. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

31. As a direct and proximate cause of Defendant Murphy's actions which caused the death of the Decedent, Plaintiff David Curry III, as father of the deceased, David C. Curry, has been obligated to incur financial expenses, including without limitation funeral and burial costs.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Murphy for an award of reasonable compensatory and punitive damages, plus costs.

## COUNTY V - BATTERY

32. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

33. Defendant Officers Murphy and Nunez knowingly and without legal justification caused bodily harm to David C. Curry.

34. Defendant Officer Murphy's and Defendant Officer Nunez's contact with David C. Curry was unauthorized and without legal justification.

35. Defendant Officer Murphy's and Defendant Officer Nunez's conduct was malicious, willful and wanton.

36. As a direct and proximate cause of the conduct of Defendants Murphy and Nunez, suffered injuries, including without limitation physical harm and pain, emotional distress and anguish, and financial damages.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant Officers Murphy and Nunez for an award of reasonable compensatory and punitive damages, plus costs.

## INDEMNIFICATION

37. Plaintiff hereby incorporates all previous paragraphs as though fully set forth herein.

38. At all relevant times, Defendant City of Chicago was the employer of all the individual Defendants.

39. The individual Defendants committed the acts alleged above under the color of law and in the scope of their employment as employees of Defendant City of Chicago.

40. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

41. As a proximate cause of the individual Defendants' unlawful acts, which occurred within the scope of their employment, David C. Curry was injured.

**WHEREFORE**, should any of the individual Defendants be found liable on one or more of the federal claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City be found liable for any compensatory judgment Plaintiff obtains against said

Defendant(s), plus attorneys' fees and costs awarded and such other and additional relief that this Court deems equitable and just.

## COUNT VII—*RESPONDEAT SUPERIOR*

42. Each of the paragraphs above is incorporated by reference as though fully stated herein.

43. In committing the acts alleged in the preceding paragraphs, Defendant Officers Murphy and Nunez were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

44. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should Defendant Officers Murphy and Nunez be found liable on one or more of the state claims set forth in this complaint, Plaintiff demands that, pursuant to *respondeat superior*, Defendant City of Chicago be found liable for any compensatory judgment Plaintiff obtains against said Defendant(s), as well as costs awarded.

## JURY DEMAND

The Plaintiff requests a trial by jury.

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

Respectfully submitted,

/s/ Jon Erickson

/s/ Sam Adam, Jr.

Erickson Law, LLC
155 N. Wacker Drive, Suite 4250
Chicago, Illinois 60606
Telephone: (773) 875-4646
Email: jonEricksonLaw@gmail.com

Law Offices of Sam Adam, Jr.
7512 Dr. Phillips Blvd.
Orlando, FL 32819
312-402-9755
AttySamAdamJr@yahoo.com

# Exhibit A

Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

☐ Cross ☐ Amended ☐ 0005

FILED
8/15/2024 1:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024P005762
Calendar, 25
28965407

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. **2024P005762**    Calendar _____

Estate of **David Christopher Curry**

Deceased

FILED DATE: 8/15/2024 1:08 PM  2024P005762

## PETITION FOR LETTERS OF ADMINISTRATION

In accordance with §9-4 of the Probate Act of 1975 [755 ILCS 5/9-4], _____

**David Curry III** _____ states under the penalties of perjury:
[printed name of the Petitioner]

1. **David Christopher Curry** _____ whose place of residence at the time of death was
   [printed name of the decedent]

   **8212 S. Hermitage Ave.**    **Chicago**    **Cook**    **Illinois**
   [address]    [city]    [county]    [state]

   died on **August 1, 2024** , at **Chicago**    **Illinois**
   [date]    [city]    [state]

   _____ ;
   [if the decedent was not a resident of Illinois, add: "owning real or personal estate in this county and state"]

2. The approximate value of the estate in this state is:

   Personal $ **Only a cause of action**    Real $ **0.00**    Annual income from Real Estate $ **0.00** ;

3. The names and post office addresses of the decedent's heirs (and in the case of a minor or a person with a disability, of a personal fiduciary designated to act for him or her pursuant to §28-3 of the Probate Act [755 ILCS 5/28-3]) are set forth on Exhibit A attached to this PETITION; [Indicate the relationship of each heir and, if the heir is a minor (M) or a person with a disability (D), so state.]

4. The names and post office addresses of the persons who are entitled to nominate an administrator in preference to (P) or equally with (E) the Petitioner are also set forth on **Exhibit A**; [If none, so state: _____ ]

5. The Petitioner is a **father** of the decedent and is legally qualified to act, or to nominate a resident of the United States to act, as administrator;

6. The Petitioner nominates **David Curry III** ,
   [printed name of the proposed administrator]

   **8212 S. Hermitage Avenue, Chicago, IL 60620** ,
   [address of proposed administrator]

   who is qualified under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1] to serve because the person has attained the age of 18 years, is a resident of the United States, is not of unsound mind, is not an adjudged person with a disability, and has not been convicted of a felony.

CCP 0302A (12/01/20)    **Iris Y. Martinez, Clerk of the Circuit Court of Cook County**    Page 1 of 3

Case No. 2024P005762

7. The Petitioner seeks:

☑ Independent Administration.

☐ Supervised Administration.

The Petitioner asks that <u>David Curry III</u>,
[printed name of the proposed administrator]

be appointed <u>independent</u> administrator and for Letters of Office to issue.
(independent) (supervised)

If a counsel or consular agent is to be notified, name country: _____

/s/ *David Curry III*
[signature of the Petitioner]

8212 S. Hermitage Avenue
[address]

Chicago, IL 60620
[city/state/zip]

/s/ *Thomas C. Wedgwood*
Attorney Certification

Attorney Number <u>39490</u>

Name <u>Timothy J. Ritchey / Thomas C. Wedgwood</u>

Firm Name <u>Peck Ritchey, LLC</u>

Attorneys for <u>Petitioner</u>

Address <u>321 S. Plymouth Ct. 6th Fl.</u>

City/State/Zip <u>Chicago, IL 60604</u>

Telephone <u>(312) 201-0900</u>

Email <u>twedgwood@peckritchey.com</u>